UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ATLANTIC NATIONAL TRUST, LLC, )<br><br>Plaintiff, )<br><br>-vs- )<br><br>E.DONALD BAME; TRILOGY, LLC; )<br>LOUISE H. BAME; JOHN L. ELLIS; )<br>FANNIE G. ELLIS; THE PREMIUM )<br>GLASS COMPANY, INC.; G. THOMAS )<br>THORNTON; and BETTY L THORNTON; )<br><br>Defendants. )<br>_____ )<br> )<br>THE PREMIUM GLASS COMPANY, )<br>INC.; G. THOMAS THORNTON; and )<br>BETTY L. THORNTON; )<br><br>Third-Party Plaintiffs, )<br><br>-vs- )<br><br>SOUTHEASTERN MILLWORK )<br>COMPANY, a/k/a SOUTHEASTERN )<br>MILLWORK CO., INC. and MULLINS )<br>DEVELOPMENT, INC.; )<br><br>Third-Party Defendants. )<br>_____ ) | Civil Action No.: 4:06-1506-TLW-TER<br><br><br><br>**REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

This is a foreclosure action. Presently pending before the Court are Defendant/Third-Party

Plaintiff Premium Glass Company, Inc.'s Motion for Judgment on the Pleadings (Document # 93)

and Plaintiff Atlantic National Trust's Motion for Summary Judgment (Document # 102).[1]  No

responses have been filed to either Motion.[2]  Because two of the Defendants, G. Thomas Thornton

and Betty L. Thornton, are proceeding pro se, all pretrial proceedings in this case were referred to

the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule

73.02(B)(2)(e),DSC.  Because the pending motions are dispositive, this report and recommendation

is entered for review by the district judge.  A hearing was held on November 8, 2007.

## II.    PROCEDURAL HISTORY[3]

There are two causes of action in the Complaint. The first is for entry of a
judgment on the Note, including of lien enforcement against certain personal property
and of foreclosure against real property. The second cause of action is for entry of
a judgment on the remaining Guaranties.

Trilogy, the borrower, and two of the Guarantors, E. Donald Bame and Louise
H. Bame, filed an answer admitting all of the allegations in the Complaint. Plaintiff,
thereafter, moved for entry of judgment on the pleadings against Trilogy and the
Bames.

No party in this case opposed the motion. On December 21, 2006, this Court
entered an Amended Consent Order of Judgment and Foreclosure (Consent Order)
between Plaintiff, the Bames and Trilogy. The Consent Order granted a monetary

---

[1]Also pending is Plaintiff's Motion for Sanctions (Document # 80).  A separate Order will
be issued as to that motion.

[2]Premium Glass Company filed a Motion to Stay the Motion for Summary Judgment
(Document # 104), which was denied by Order dated November 8, 2007 (Document # 123).  The
undersigned allowed Premium Glass Company until November 12, 2007, to file a response to the
Motion for Summary Judgment.  No response has been filed by Premium Glass Company.  In
addition, because two of the Defendants, G. Thomas Thornton and Betty L. Thornton, are
proceeding pro se, a Roseboro Order (Document # 120) was issued on November 8, 2007,
allowing the Thorntons an additional 10 days to respond to the Motion for Summary Judgment
and warning them that the Motion may be granted if they failed to respond.  No response has
been filed by the Thorntons.

[3]The procedural history as set forth by Premium Glass Company and Plaintiff in their
respective motions have not been disputed.  Therefore, they have been set forth herein verbatim.

judgment in favor of Plaintiff against Trilogy and the Bames, individually. The Consent Order also granted Plaintiff the rights to lien enforcement against certain personal property and of foreclosure against real property. The claims of Plaintiff against the Bames and Trilogy have been finally adjudicated by the Consent Order. No party in this case has sought reconsideration of the Consent Order. The Consent Order has not been appealed. Nothing in the Motion or in this Memorandum in Support thereof is intended to alter or amend in any way the Consent Order, including, especially, the Findings of Fact and Conclusions of Law set forth therein.

Left, then, for resolution by this Court are the claims of Plaintiff arising under the Second Cause of Action, to the extent such claims are against defendants John L. Ellis, Fannie G. Ellis, The Premium Glass Co., Inc., G. Thomas Thornton and Betty L. Thornton (hereafter, the "remaining Guarantors"), on their individual Guaranties.

All of the remaining Guarantors answered and pled qualified denials and prior recourse to the Mortgage. In addition, the Ellises pled arbitration as a defense. Premium and the Thorntons asserted laches, waiver and unclean hands. This Motion and Memorandum in Support thereof seek entry of final relief against the remaining Guarantors.

Plaintiff's Memorandum in Support of Summary Judgment at 2-3.

Third-Party Plaintiff filed its Cross-Claim and Third-Party Claim as paragraphs 28 through 34 of its Answer, Cross-Claim and Third-Party Complaint. Paragraphs 28 through 33 contain the factual allegations, while paragraph 34 asserts the requested relief. Third-Party Plaintiff lodged a cause of action against Trilogy, LLC, and Southeastern Millwork Company, Inc. for default under a promissory note secured by a mortgage. Through these causes of action, Third-Party Plaintiff seeks a monetary judgment against Trilogy, LLC, and Southeastern Millwork Company, Inc. and foreclosure of the mortgage.

Trilogy, LLC, and Southeastern Millwork Company, Inc. each filed answers. These answers each admit the factual allegations in paragraphs 28 through 33 of the Third-Party Plaintiff's Answer, Cross-Claim and Third-Party Complaint. Neither Trilogy, LLC, nor Southeastern Millwork Company, Inc. raised any defense or any issue of fact as to any of the allegations contained in this claim. They admit that Third-Party Plaintiff, The Premium Glass Company, Inc., is entitled to the relief it seeks in this portion of its Answer, Cross-Claim and Third-Party Complaint.

Premium Glass Company's Memorandum in Support of Motion for Judgment on the Pleadings at

1-2.

## III.   DISCUSSION

### A.    Premium Glass Company's Motion for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings after the pleadings are closed. Such a motion should be granted when, accepting the facts as pleaded in the complaint, the case can be decided as a matter of law. Tollison v. B & J Machinery Co., Inc., 812 F.Supp. 618, 619 (D.S.C.1993). See also S & S Const., Inc. of Anderson v. Reliance Ins. Co., 42 F.Supp.2d 622, 623 (D.S.C.1998).

Premium Glass Company sets forth the following factual allegations in its Cross-Claim/Third-Party Claim:

> 30.   That on or about November 30, 2004, Trilogy and Southeastern executed a Promissory Note, whereby they agreed to pay Premium the total principal sum of $50,000. . . . The Promissory Note further provided that Southeastern and Trilogy were to repay the Note in 35 equal payments of $1,388.89, beginning on January 1, 2005, and one final payment of $1,388.85 due and payable on December 1, 2007.

> 31.   That Southeastern and trilogy have defaulted in their agreed to payments to Premium on the Note.

> 32.   That in the even of default, Southeastern and Trilogy also agreed that an interest rate of Ten percent (10%) would apply and that they would be responsible for both reasonable attorney's fees and all other reasonable expenses incurred by Premium in exercising its default rights.

> 33.   That as a direct and proximate result of Southeastern and Trilogy's breach of the Promissory Note, Premium has sustained damages.

Premium Glass Company's Answer, Cross-Claim and Third-Party Complaint (Document # 29) at ¶¶ 30-33.  Premium Glass Company seeks the following relief:

> 34.   Premium is informed and believes that it is entitled to be paid the remaining due and owning balance on the November 30, 2004, Promissory Note entered into between it and both Southeastern and Trilogy in an amount approximating and in excess of $39,423.07, interest at the rate of Ten percent (10%), attorney's fees, and

suit costs, all in an actual amount to be determined by a jury, from both Southeastern and Trilogy.

Id. at ¶ 34.

Both Southeastern and Trilogy admit to the factual allegations set forth above.  See Answer to Cross-Claim by Trilogy, LLC (Document # 36) at ¶ 2; Answer to Third-Party Complaint by Southeastern Millwork Company, Inc. (Document # 37) at ¶ 2.  Because no material facts are in dispute, judgment as a matter of law is appropriate.  Therefore, Premium Glass Company's Motion for Judgment on the Pleadings (Document # 93) should be granted.

### B.    Plaintiff Atlantic National Trust's Motion for Summary Judgment

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Rule 56(c), Fed.R.Civ.P.; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial.  Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).

Rule 56(e) provides, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." See also

-5-

Celotex, 477 U.S. at 324 ("Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves").   To raise a genuine issue of material fact, a party may not rest upon the mere allegations or denials of his pleadings.  Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any."  Id. at 322.  See also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

Plaintiff argues that the Findings of Fact and Conclusions of Law set forth in the Amended Consent Order (Document # 59) between Plaintiff, the Bames, and Trilogy, are binding on the remaining Guarantors.  The Findings of Fact particularly relevant to the remaining Guarantors are as follows:

G. Guaranties

1. As further security for the Note, on January 11, 2001, Louise H. Bame, E. Donald Bame, John L. Ellis, Fannie G. Ellis, The Premium Glass Company, Inc., G. Thomas Thornton and Betty L. Thornton (collectively, Guarantors) each executed an individual Guaranty of Payment and Performance in favor of Plaintiff (collectively, Guaranties).

2. SEMCO also executed a Guaranty of Payment and Performance in favor of Plaintiff, but Plaintiff is not seeking to enforce that Guaranty in this proceeding and is reserving all of its rights to do so in this and any other proceeding should Plaintiff determine that this guarantor is answerable for a judgment.

3. Under the terms of the Guaranties, Guarantors are absolutely, unconditionally and irrevocably obligated to pay Plaintiff the Indebtedness, as defined therein, of Trilogy, LLC to Plaintiff.

4. Under the terms of the Guaranties, Guarantors agreed that in the event of any default by Trilogy, LLC under the Loan Documents, Guarantors would, upon demand

by Plaintiff, pay all sums due thereunder.

5. Guarantors are also obligated to pay all Enforcement Costs (as defined therein), including attorneys' fees, costs and expenses.

6. In addition, Guarantors agreed to indemnify Plaintiff against any preference actions on account of payments made to Plaintiff by Trilogy, LLC within ninety (90) days of any bankruptcy filing by Trilogy.

7. The Guaranties, as well as the rights and obligations of each Guarantor, shall be governed by and interpreted under the law of the state of South Carolina.

8. The Guaranties represent the final agreement between Guarantors and Plaintiff and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements between Guarantors and Plaintiff.

Amended Consent Order at 13-14.  The Consent Order also found that Trilogy, LLC, was in default

under the terms of the Loan Documents.  Id. at 14-15.[4]

The remaining Guarantors have not filed responses in opposition to Plaintiff's Motion for

Summary Judgement and, thus, do not dispute that the findings of fact and conclusions of law in the

Amended Consent Order are binding upon them.

Plaintiff also argues that the qualified denials and affirmative defenses offered by the

remaining Guarantors in their answers are without merit.  As stated above, to raise a genuine issue

of material fact, a party may not rest upon the mere allegations or denials of his pleadings.  Rather,

the party must present evidence supporting his or her position through "depositions, answers to

interrogatories, and admissions on file, together with ... affidavits, if any."  Celotex, 477 U.S. at 322.

The remaining Guarantors have failed to respond to Plaintiff's Motion for Summary Judgment and

---

[4]The undersigned specifically incorporates herein the Amended Consent Order in its entirety.

they may not rely on the denials or defenses set forth in their pleadings.[5]  As such, the remaining Guarantors have failed to create a genuine issue of material fact and summary judgment is appropriate.  Plaintiff's Motion for Summary Judgment (Document # 102) should be granted.

## IV.    CONCLUSION

For the reasons set forth above, it is recommended that Premium Glass Company's Motion for Judgment on the Pleadings (Document # 93) be granted.  A hearing should be held for a determination of damages.  In addition, it is also recommended that Plaintiff's Motion for Summary Judgment (Document # 102) be granted.[6]


                                                    s/Thomas E. Rogers, III
                                                   Thomas E. Rogers, III
                                                   United States Magistrate Judge

December 7, 2007
Florence, South Carolina

**The parties' attention is directed to the important notice contained of the following page.**

---

[5]Furthermore, based on the pleadings and evidence presented by Plaintiff, the qualified denials and affirmative defenses asserted by the remaining Guarantors are without merit.

[6]It appears that the amount of damages has been established by the entry of the Amended Consent Order.  If the parties dispute that the Amended Consent Order fixes the amount of damages, they should file a supplemental memorandum by the deadline set for objections to this Report and Recommendation (see the attached notice).