UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ATLANTIC NATIONAL TRUST, LLC, ) | Civil Action No.: 4:06-1506-TLW-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| E.DONALD BAME; TRILOGY, LLC; ) | |
| LOUISE H. BAME; JOHN L. ELLIS; ) | |
| FANNIE G. ELLIS; THE PREMIUM ) | |
| GLASS COMPANY, INC.; G. THOMAS ) | |
| THORNTON; and BETTY L THORNTON; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| THE PREMIUM GLASS COMPANY, ) | |
| INC.; G. THOMAS THORNTON; and ) | |
| BETTY L. THORNTON; ) | |
| ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| -vs- ) | |
| ) | |
| SOUTHEASTERN MILLWORK ) | |
| COMPANY, a/k/a SOUTHEASTERN ) | |
| MILLWORK CO., INC. and MULLINS ) | |
| DEVELOPMENT, INC.; ) | |
| ) | |
| Third-Party Defendants. ) | |
| _____ ) | |

**I.     INTRODUCTION**

This is a foreclosure action. Presently before the Court is Plaintiff Atlantic National Trust, LLC's Motion to Dismiss Cross-Claims and Third-Party Claims (Document # 147).[1] Plaintiff seeks

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e),DSC. Because the

dismissal of the cross-claims brought by Defendants Premium Glass Company, Inc. (Premium) and Thomas and Betty Thornton (the Thorntons) against John and Fannie Ellis (the Ellises) and Louise and Donald Bame (the Bames) and the third-party claims brought by Premium and the Thorntons against Mullins Development, Inc. Plaintiff brings this Motion pursuant to Rule 41(b), Fed.R.Civ.P. The Ellises and the Thorntons have responded to the Motion. No other parties have responded.

## II.    PROCEDURAL HISTORY

On January 14, 2008, this Court entered an Order (Document # 134) granting Plaintiff judgment against the Ellises, Premium and the Thorntons (collectively, Guarantors). The judgment amount awarded against each Guarantor was specifically set forth in the Amended Consent Order (Document # 59).

Plaintiff's Motion to Dismiss Cross-Claims and Third-Party Claims was filed on May 29, 2008. Because the Thorntons are proceeding pro se, they were advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975) that a failure to respond to Plaintiff's Motion could result in dismissal their claims. A Response to the Motion was due July 3, 2008. The Ellises filed a Response (Document # 154) in opposition to the Motion on June 9, 2008. On July 11, 2008, the Thorntons filed a Motion for Extension of Time (Document # 160)[2] to respond to Plaintiff's Motion. In the Motion, the Thorntons assert that they were requesting additional time to respond to Plaintiff's Motion because the Roseboro Order was originally sent to the wrong address and so they received it shortly before the Response was due and also because they were attempting to secure counsel. The

---

pending motions are dispositive, this report and recommendation is entered for review by the district judge.

[2]This motion is hereby granted.

Thorntons subsequently filed their Response (Document # 164) on August 18, 2008. No other parties filed a Response.

On December 4, 2008, the undersigned entered an Order (Document # 173) noting that Premium's counsel had been suspended from the practice of law and no appearance had been made by other counsel. Because Premium is a corporation, the undersigned directed Premium to file a Notice of Appearance of new counsel along with a Response to Plaintiff's Motion to Dismiss within ten days of receipt of the Order. The Order provided that "**Failure of Premium to obtain new counsel or of new counsel to file a Response within ten (10) days of Premium's receipt of this Order will result in a recommendation that the Motion to Dismiss be granted as to Premium's claims.**" Order at 2. The Return Receipt (Document # 176) for the Order indicates that it was received on December 8, 2008. Premium has failed to file a Notice of Appearance or a Response to the Motion to Dismiss or to otherwise respond to the Order.

## II.     RULE 41(B), FED.R.CIV.P.

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

## III.   DISCUSSION

Premium and the Thorntons asserted cross-claims against the Ellises and the Bames for contribution and reimbursement. They asserted a third-party claim against Mullins for indemnification. In its Motion, Plaintiff argues that Premium and the Thorntons have done nothing to prosecute their cross-claims or third-party claim since they were filed. Plaintiff asserts that no discovery has been sought from the Bames, the Ellises, or Mullins relating to those claims nor have Premium or the Thorntons sought to depose these parties. Plaintiff also notes that monetarysantions were awarded against the Thorntons for their failure to respond to Plaintiff's discovery requests.

Plaintiff also argues that these parties' failure to prosecute their claims is extremely detrimental to it because, without resolution of the cross-claims and third party claims, Plaintiff can not get its judgment docketed by the court. Plaintiff asserts that each day that passes increases both the interest carried on the judgment as well as the possibility of liquidation of assets by the judgment debtors that could be used to satisfy the judgment. Plaintiff contends that it is in the best interest of Premium and the Thorntons to draw out the litigation as long as possible because it keeps Plaintiff from being able to collect its judgment.

In their Response, the Thorntons first assert that they are still seeking local counsel. To date, no Notice of Appearance has been filed on behalf of these Defendants. The Thorntons assert that several other issues need to be resolved before their assets are put at risk. First, the Thorntons claim that the issue of whether Bank of America or Plaintiff should be liable under the environmental

indemnification should be resolved prior to any judgment being entered against them.[3] The Thorntons also argue that the subject property should be sold at auction before Plaintiff attempts to reach their assets. The Thorntons request that the Court require Plaintiff to sell the subject property and allow them the benefits of their appraisal rights and indemnifications before their assets are placed at risk.

Interestingly, the Ellises, against whom Premium and the Thorntons have asserted a cross-claim, opposes Plaintiff's Motion to dismiss that claim. The Ellises assert that in the prayer for relief in the Complaint, Plaintiff states that any judgment against the Guarantors would be reduced as necessary to reflect any payments made by Trilogy or from judicial sale of the mortgaged property. Even though a Decree of Foreclosure (Document # 59) and Notice of Sale of the Property (Document # 60) were signed by this Court on December 21, 2006, the sale has not taken place. The Ellises assert that the cross-claims for contribution and reimbursement and the third-party claim for indemnification can not be resolved until the Decree of Foreclosure has been fulfilled. The Ellises claim that any delay in the case is the direct result of Plaintiff's failure to comply with the Decree of Foreclosure.

As noted above, Premium has not filed a response to Plaintiff's motion despite this Court's Order to do so and the explicit warning of dismissal for failure to respond.

There were two causes of action in the Complaint. The first was for entry of a judgment on the Note, including of lien enforcement against certain personal property and of foreclosure against real property. An Amended Consent Order of Judgment and Foreclosure was entered on this cause of action on December 21, 2006. The second cause of action was for entry of a judgment on the

---

[3] The Thorntons were once members of Trilogy, LLC, who purchased the subject property from Bank of America. Trilogy secured an environmental indemnification from Bank of America. See Ex. A to the Thornton's Response. Plaintiff purchased the Note and Mortgage from Bank of America but asserts that it did not assume Bank of America's liability under the environmental indemnification clause.

remaining Guaranties. Plaintiff filed a Motion for Summary Judgment (Document # 107) on this cause of action on August 16, 2007. None of the Guarantors filed a Response in opposition to the Motion. The undersigned entered a Report and Recommendation (Document # 129), recommending that summary judgment be granted on Plaintiff's remaining cause of action against the Guarantors. None of the Guarantors filed Objections to the Report and Recommendation. The district judge entered an Order (Document # 134) on January 14, 2008, adopting the Report and Recommendation and granting Plaintiff's Motion for Summary Judgment.

The Thorntons have provided no reason for failing to pursue their claims. They argue only that other avenues should be pursued by Plaintiff to satisfy the judgment before Plaintiff pursues their assets. Thus, the Thorntons are admittedly avoiding prosecution of their claims so that the judgment granted by this court on January 14, 2008, cannot be enforced against them. Clearly, the Ellises are opposing the present motion for the same reason. Neither the Thorntons nor the Ellises have provided any authority or pointed to any provision in any agreement between the parties requiring Plaintiff to sell the subject property before judgment can be entered against them as Guarantors on the Note.

When considering the factors for Rule 41(b) dismissal set forth above, it appears that Premium and the Thorntons are entirely responsible for their actions because the Thorntons are proceeding pro se and Premium has not retained counsel even after being directed to do so. Additionally, the Plaintiff is highly prejudiced by these parties' failure to pursue their claims because each day that passes increases both the interest carried on the judgment as well as the possibility of liquidation of assets by the judgment debtors that could be used to satisfy the judgment. Premium's and the Thorntons' failure to timely respond to discovery or to conduct their own discovery indicate a pattern of proceeding in a dilatory manner in this case. Premium's failure to retain counsel and respond to

Plaintiff's Motion as ordered by this court leads the undersigned to conclude that Premium has abandoned its claims. Thus, it is recommended that Premium's cross-claims against the Bames and Trilogy and its third-party claim against Mullins be dismissed for failure to prosecute pursuant to Rule 41(b), Fed.R.Civ.P.

Dismissal does not seem to be the appropriate remedy, however, for the Thorntons' claims. Rather, it is recommended that the court proceed with scheduling a bench trial on the Thorntons' claims. The Thorntons should not be allowed to perform any form of discovery prior to the trial and, while new counsel may make an appearance at any time, the bench trial should not be continued for this purpose in light of the fact that the Thorntons have had over two years to retain new counsel if they so chose and have not done so. The retention of new counsel in this case should not be used as a tactic to continue to prolong this litigation.

## IV.     CONCLUSION

For the reasons set forth above, it is recommended that Plaintiff's Motion to Dismiss (Document # 147) be granted as to Premium's claims and denied as to the Thorntons' claims. It is further recommended that a bench trial be scheduled as to the Thorntons' claims and that they not be allowed to perform any discovery or continue the bench trial for any reason, including the retention of new counsel.

        s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 21, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the following page.**